UNITED STATES of America,
Plaintiff–Appellee,

v.

Maurice Ian WILSON, Defendant–
Appellant.

No. 00–4824.

United States Court of Appeals,
Fourth Circuit.

Submitted Sept. 20, 2001.

Decided Sept. 28, 2001.

Henry M. Anderson, Jr., Anderson Law Firm, P.A., Florence, SC, for appellant.

Rose Mary Parham, Office of the United States Attorney, Florence, SC, for appellee.

Before LUTTIG, KING and GREGORY, Circuit Judges.

## OPINION

PER CURIAM.

Maurice Ian Wilson appeals from his 121-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base (crack). Wilson's counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there are no meritorious issues for appeal, but addressing the possibility that the court's downward departure based on Wilson's substantial assistance was inadequate. Wilson was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm in part and dismiss in part.

■ We find that Wilson's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R.Crim.P. 11. Wilson was properly advised as to his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. *See North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *United States v. DeFusco,* 949 F.2d 114, 119–20 (4th Cir. 1991).

■ We find that the district court properly computed Wilson's offense level and criminal history category and correctly determined the applicable guideline range of 121 to 151 months. The court's imposition of a sentence within the properly calculated range is not reviewable. *United States v. Jones,* 18 F.3d 1145, 1151 (4th Cir.1994).

■ Wilson challenges the extent of the court's departure based on his substantial assistance. This court lacks jurisdiction to review the extent of the district court's downward departure. *United States v. Hill,* 70 F.3d 321, 324 (4th Cir.1995). Accordingly, we dismiss this portion of the appeal.

As required by *Anders,* we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Wilson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART.*